**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30007 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00056-BMM-1 |
| v. | |
| JEFFREY ALAN BUCHANAN, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30008 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00056-BMM-2 |
| v. | |
| KRISTY DAWN SUMMERS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted February 5, 2016[]
Seattle, Washington

Before: O'SCANNLAIN and GOULD, Circuit Judges and BURNS,[***] District Judge.

Jeffrey Alan Buchanan and Kristy Dawn Summers appeal their convictions for Possession with Intent to Distribute Methamphetamine, a violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**I**

The brief investigatory stop that led to Buchanan and Summers' arrests was permissible because law enforcement had reasonable suspicion that the two were involved in criminal activity. *See Hiibel v. 6th Jud. Dist. Ct. of Nev., Humboldt Cnty.*, 542 U.S. 177, 185 (2004). The confidential informant's tip was reliable because he was a "registered informant" with Border Patrol, he had provided information on numerous occasions leading to the seizure of at least 49 pounds of marijuana, and he explained the source of his suspicion to law enforcement. *See United States v. Rowland*, 464 F.3d 899, 907–09 (9th Cir. 2006). Additionally, Agent Brandon Law was aware that the Amtrak route was popular for drug

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

smuggling, and the pair had raised suspicions during their previous trip to Havre, Montana.

In considering "the totality of the circumstances," here "the detaining officers [had] a particularized and objective basis for suspecting the particular person[s] stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18 (1981). At the very least, the government demonstrated that there was "a moderate chance of finding evidence of wrongdoing." *United States v. King*, 736 F.3d 805, 811 n.4 (9th Cir. 2013) (quoting *Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 371 (2009)). The investigatory stop was thus permissible.

Nor was the brief dog sniff improper. A canine sniff test of luggage conducted in a public place is not a "search" under the Fourth Amendment and is permissible so long as the investigative detention is properly limited in scope. *See United States v. Place*, 462 U.S. 696, 706–707 (1983). Here, the dog sniff took no more than three to five minutes, was conducted at the location of the stop in full view of Buchanan and Summers, and agents took care to inform Buchanan and Summers about the process.

## II

The district court did not err in denying Summers' motion to suppress the statements she made to law enforcement. Because the "objective circumstances" of

Summers' interaction with law enforcement demonstrate that Summers was not in police custody when she was asked if she was carrying contraband, no *Miranda* warning was required. *See Howes v. Fields*, 132 S. Ct. 1181, 1189 (2012).

**AFFIRMED.**